United States District Court
District of Massachusetts

| | |
|---|---|
| NAEEM AHMED, <br><br> Plaintiff, <br><br> v. <br><br> BRITISH SKY BROADCASTING LTD. and JOHN DOE, <br><br> Defendants. | Civil Action No. <br> 13-cv-13140-NMG |

### MEMORANDUM & ORDER

GORTON, J.

This case involves trademark infringement allegations posed by Naeem Ahmed ("plaintiff"), a pro se litigant and native of Pakistan. The plaintiff alleges that unknown defendant John Doe ("Doe") has infringed plaintiff's television channel trademark ("logo") and that defendant British Sky Broadcasting Ltd. ("defendant" or "BSB"), through its communications network, has distributed this logo throughout the United Kingdom and Ireland.

I.  **Background**

On December 11, 2013, the plaintiff filed a complaint alleging that Doe and BSB have been infringing plaintiff's television channel trademark. A citizen of Pakistan, the plaintiff claims to hold a United Kingdom trademark that has been infringed by Doe in its creation of a television channel bearing the same logo. The plaintiff also claims that BSB has

improperly disseminated this logo through its television and internet services.

The plaintiff invoked diversity of citizenship jurisdiction under 28 U.S.C. § 1332. On December 16, 2013, the plaintiff attempted to effect service on BSB at its home office in Isleworth, England. On January 10, 2014, the plaintiff submitted a Motion for Entry of Default against BSB, claiming that BSB did not answer the complaint in the proper timeframe.

BSB responded on January 13, 2014, and filed a Motion to Dismiss the complaint. That motion alleged, inter alia, lack of personal jurisdiction, lack of subject matter jurisdiction, improper service and failure to state a claim. BSB further submitted a memorandum in opposition to the plaintiff's Motion for Entry of Default, based on the same alleged deficiencies in the plaintiff's complaint.

For the reasons that follow, the Court will allow the defendant's motion to dismiss and deny the plaintiff's motion for entry of default.

## II.  Defendant's Motion to Dismiss

Defendant BSB has moved to dismiss the plaintiff's complaint because, inter alia, this Court lacks personal jurisdiction over BSB and subject-matter jurisdiction over the claim. The Court need not address the other grounds BSB submits

as requiring dismissal because the lack of personal jurisdiction renders further discussion moot.

The plaintiff does not even contend that the defendant is subject to general personal jurisdiction in Massachusetts. Therefore, his claim will be dismissed because he fails to demonstrate that the requirements for specific personal jurisdiction have been met. The U.S. Constitution allows this Court to exercise personal jurisdiction over foreign defendants only to the extent they have "minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The First Circuit Court of Appeals uses a three-part analysis to determine if exercising specific personal jurisdiction meets constitutional muster: 1) whether the claims "directly arise out of, or relate to, the defendant's forum-state activities," 2) whether the defendant's forum-state contacts show the defendant availed itself of that state's laws and could foresee facing litigation there and 3) whether exercising jurisdiction would be reasonable, considering the interests of the parties and the forum state. Sawtelle v. Farrell, 70 F.3d 1381, 1388-89 (1st Cir. 1995) (quoting United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,

960 F.2d 1080, 1089 (1st. Cir. 1992)). The Court must find all three criteria satisfied before it can exercise specific personal jurisdiction. Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 24-25 (1st Cir. 2007).

The plaintiff's complaint simply does not allege facts that would subject defendant BSB to specific personal jurisdiction in this District Court. First, the plaintiff contends that the allegedly infringed logo has been viewed through BSB's network in other countries. The claim does not arise out of, or relate to, BSB's activities in Massachusetts, despite the plaintiff's allegation that Massachusetts residents can view the content through internet sites which BSB does not control. No facts are alleged to demonstrate that BSB targeted residents of Massachusetts, availed itself of Massachusetts' laws or could reasonably foresee being sued in Massachusetts. Finding personal jurisdiction over BSB in this case would not further Massachusetts' interests. Indeed, exercising jurisdiction here would imply that any entity with a webpage viewable over the internet could be haled into any United States District Court. Such a result would render the idea of personal jurisdiction obsolete in a world where almost all businesses maintain an internet presence.

Accordingly, this Court will allow defendant BSB's motion to dismiss for lack of personal jurisdiction. This finding

obviates the need to discuss BSB's other asserted grounds for dismissal.

### III. Plaintiff's Motion for Entry of Default

The plaintiff has moved for entry of default against defendant BSB, presumably pursuant to Fed. R. Civ. P. 55(b)(2). The decision to allow entry of default rests in the sound discretion of the Court. Steele v. Turner Broad. Sys., Inc., 746 F. Supp. 2d 231, 235 (D. Mass. 2010).  When exercising that discretion, the Court should "consider whether that judgment will subsequently be set aside, thus rendering the entry of default judgment futile." Id.

In this case, it would be futile to enter default judgment because this Court lacks personal jurisdiction over defendant BSB.  Accordingly, this Court exercises its sound discretion and will deny the plaintiff's motion for entry of default against defendant BSB.

### ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket no. 12) is **ALLOWED** and the plaintiff's motion for entry of default (Docket No. 9) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 14, 2014